# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| WISSAM T. HAMMOUD, | ) | CASE NO. 4:19-cv-771 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| MARK WILLIAMS, WARDEN | ) | |
| | ) | |
| DEFENDANT. | ) | |

*Pro se* plaintiff Wissam T. Hammoud filed this action against defendant, FCI Elkton Warden Mark Williams. He did not file a complaint or other pleading. Instead, he submitted only a motion for emergency restraining order/preliminary injunction (Doc. No. 1). In the motion, plaintiff contends he finds prison to be traumatizing. He alleges he has been incarcerated for thirteen years and suffers from deteriorating mental health due to constant fear of being harassed or assaulted. He asks this Court to order the Bureau of Prisons to stop profiling, retaliating, and abusing him and to order them to transfer him to a prison closer to his family in Michigan.

## I.  BACKGROUND

Plaintiff complains of several conditions of confinement he encountered in prison. He contends he is Muslim and from the time of his arrest the United States government and the media

have labeled him as an international terrorist.[1] He alleges that this designation has led to harassment by corrections officers and other inmates, his placement in segregation multiple times, and his transfer 14 times in the last 13 years. He claims he has an extensive mental health history from a closed head injury. He claims his sentencing judge recommended placement in a BOP hospital facility but that recommendation was not accommodated.

Plaintiff was transferred to FCI Elkton on November 20, 2018. He claims staff held his property for over six weeks before releasing it to him. He claims his newspaper delivery was delayed for several days. A family visit was delayed for several hours and then shortened. He indicates FCI Elkton has dormitory style cells which allows inmates to freely move between cubicles. He was placed in a three-man cubicle. He alleges inmates in his housing unit produce their own alcohol and use narcotics. He states one of his bunkmates tries to intimidate him. He states it is only a matter of time until he is assaulted or forced to defend himself against assaults.

Plaintiff does not assert any legal claims. He simply asks this Court to issue an order "to stop all the profiling, retaliation, and abuse that has traumatized Mr. Hammoud and his family." (Doc. No. 1 at 2). He requests that he be tested by an outside psychiatrist to arrive at a plan of how best to treat his mental health, and that he be transferred to a safe and secure facility with private cells near his home in Michigan.

---

[1] Plaintiff pled guilty in the Middle District of Florida of retaliating against a witness, soliciting to commit murder, use of a firearm (machine gun) in a crime of violence, and unlawful transport of firearms. Four addition counts of unlawful transport of firearms, four counts of unlawful receipt of an unregistered firearm, four counts of unlawful transfer of a firearm, two counts of making an unlawful firearm, one count of retaliating against a witness and one count of soliciting to commit murder were dismissed by the government pursuant to the plea agreement. *United States v. Hammoud*, No. 8:04-cr-00002 (Fla MD Indictment filed Jan. 6, 2004). Plaintiff attaches random pages from media publications that suggest he had ties to the September 11, 2001 hijackers and was stopped trying to board a Spirit Airlines flight in Tampa Florida in 1999 with 11 pounds of ammunition, an assault weapon, a rifle, ammunition and "other gun related equipment." One of the publications indicated plaintiff was supplying weapons to Hezbollah. Plaintiff contends the FBI lists him as a pilot. He denies that he has ever been to flight school. He contends the Federal Aviation Administration has no record of him as a foreign pilot.

## II. STANDARD OF REVIEW

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37, 94 S. Ct. 1372, 39 L. Ed. 2d 577 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

III. **DISCUSSION**

As an initial matter, plaintiff has not filed a complaint to initiate this action and has not asserted legal claims. A civil action in federal court is initiated by the filing of a complaint. Fed. R. Civ. P. 3. Instead, plaintiff filed only a motion for preliminary injunction.[2] A preliminary injunction is an equitable remedy, the purpose of which is to maintain the relative positions of the parties until proceedings on the merits of a complaint can be conducted. *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395, 101 S. Ct. 1830, 68 L. Ed. 2d 175 (1981). When presented with a motion for a preliminary injunction, a district court considers four factors: (1) the plaintiff's likelihood of success on the merits, (2) whether the plaintiff could suffer irreparable harm without the injunction, (3) whether granting the injunction will cause substantial harm to others, and (4) the impact of the injunction on the public interest. *Golden v. Kelsey-Hayes Co.*, 73 F.3d 648, 653, 657 (6th Cir. 1996). Plaintiff is not asking the Court to maintain the status quo of the parties pending resolution of a civil action and without a complaint that asserts legal claims, the Court cannot assess the likelihood of success on the merits of those claims. His motion for preliminary injunction is denied.

To the extent that his motion could be construed as a *Bivens*[3] complaint, it is still subject to dismissal. *Bivens* provides a very limited cause of action against federal agents who violate certain constitutional rights. *See Ziglar v. Abbasi*, --U.S.--, 137 S. Ct. 1843, 1854-55, 198 L. Ed. 2d 290 (2017) (specifying the limited contexts in which *Bivens* recognizes an implied damages action). Because *Bivens* claims can only be brought against an individual officer, not against a

---

[2] He has since filed a supplemental emergency motion, raising many of the same concerns. (Doc. No. 4.)

[3] *Bivens v. Six Unknown Agents*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971).

federal agency, plaintiff cannot state a claim against the defendant in his official capacity. In order to state a *Bivens* claim against the defendant in his individual capacity, plaintiff must allege facts plausibly suggesting the defendant was personally involved in the alleged deprivation of the plaintiff's constitutional rights. *See Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (citing *Rizzo v. Goode*, 423 U.S. 362, 373-77, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976); *Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983)). Plaintiff does not allege the FCI Elkton Warden was personally involved in any of situations described in the motion. In fact, many of the things described by plaintiff occurred before plaintiff arrived at FCI Elkton. He cannot hold the warden liable in his individual capacity.

## IV. CONCLUSION

For all the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915A. Pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: June 5, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**